IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TROY ADAM SHERMAN,**

        **Plaintiff,**

  v.               CASE NO. 25-3273-JWL

**STATE OF MISSOURI,**

        **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Troy Adam Sherman brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. He currently resides in Kansas City, Missouri and it appears from his pro se complaint that he has been involuntarily civilly committed to the custody of the Missouri Department of Mental Health after being adjudicated incompetent to participate in pending Missouri state criminal charges. For the reasons stated below, this matter will be dismissed for lack of jurisdiction and the motion for leave to proceed in forma pauperis will be denied as moot.

**I. Nature of the Matter before the Court**

The sole Defendant named in this matter is the State of Missouri. (Doc. 1, p. 1.) As the background of this case, Plaintiff asserts that individuals in Jasper County, Missouri and Jackson County, Missouri who hold law degrees; "mental doctors"; and "mental health workers" are aiding Plaintiff's sister in harming Plaintiff. *Id.* at 2, 10. Plaintiff's assertions are difficult to follow, but include a lack of recent court hearings in criminal proceedings in Missouri, hate crimes perpetrated against Plaintiff because of his birth date and time, a "transfrequency auto wire" in Plaintiff's

1

stomach, tampering with Plaintiff's food and water, theft of Plaintiff's money, and the murder of Plaintiff's grandmother. *Id.* at 3-11. Plaintiff has attached to his complaint maps, drawings, and documents that appear to be from proceedings by the State of Missouri Department of Mental Health. (Doc. 1-1.) One of these documents indicates that Plaintiff "was committed to the Missouri Department of Mental Health after being adjudicated as incompetent to proceed" in criminal proceedings brought against him by the State of Missouri. (Doc. 1-1, p. 5.)

In Count I of the complaint, Plaintiff asserts problems in his pretrial proceedings, including the violation of his right to a speedy trial and that an attorney involved has a conflict of interest. (Doc. 1, p. 3.) In Count II, Plaintiff asserts that he is the victim of hate crimes based on his birth date and time. *Id.* In Count III, he asserts that he told his attorney about the "transfrequency auto wire" but his attempts to have the wire removed have been unsuccessful. *Id.* at 4. As relief, Plaintiff seeks monetary damages, his release, a military identification card, and the return of his personal property currently at the Joplin County Jail, the Joplin police department, and a homeless shelter in Joplin, Missouri. *Id.* at 6.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

**III. Discussion**

Although Plaintiff discusses actions taken by various individuals, the sole Defendant named in this matter is the State of Missouri. The State of Missouri is absolutely immune from suits for money damages under the Eleventh Amendment, which presents a jurisdictional bar to "'unconsented suits in federal court against a state.'" *See Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, generally speaking, in the absence of some consent, a suit that names only a state as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). There are three exceptions to state immunity under the Eleventh Amendment: (1) when the State consents to suit, meaning it waives immunity; (2) when Congress properly abrogates the immunity through legislation; and (3) when there are ongoing violations of federal relief and the plaintiff seeks only prospective injunctive relief. *See Frank v. Lee*, 84 F.4th 1119, 1130-31 (10th Cir. 2023); *Umholtz v. Kan. Dept. of Soc. and Rehabilitation Servs.*, 926 F. Supp. 2d 1222, 1227 (D. Kan. 2013).

Plaintiff does not allege that the State of Missouri has consented to being sued in this case. Additionally, it is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002); *see also McGee v. Corizon,* 831 F. Appx. 381, (10th Cir. Oct. 14, 2020) (unpublished) ("It is well-recognized that an action cannot be brought in federal court against a state or its agencies.") (citation omitted). Finally, Plaintiff seeks monetary relief.[1] For

---

[1] The Court notes that Plaintiff also seeks relief other than monetary damages, but the other relief he seeks is not available in this civil rights action. First, Plaintiff seeks his release from state custody. (Doc. 1, p. 6.) A petition for habeas corpus relief is a state prisoner's sole avenue in federal court for his release. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). Plaintiff also asks that he be issued a military identification card and that his personal property be delivered to him from various locations in Missouri. (Doc. 1, p. 6.) This Court lacks the authority in this case to grant this type of injunctive relief. See Fed. R. Civ. P. 65(d)(2) (discussing parties bound by injunctions and restraining orders).

these reasons, Plaintiff's suit against the State of Missouri is barred by the Eleventh Amendment and this Court lacks jurisdiction over this case.

The pro se complaint contains factual allegations about acts taken by individuals such as Dr. Moon and Dr. Lin, who are not named as Defendants in this matter. (*See* Doc. 1, p. 2.) Normally, the Court would give Plaintiff time in which to file an amended complaint that names Defendants other than the State of Missouri and attempt to avoid the Eleventh Amendment bar discussed above. But in this case, the Court finds there is no reason to allow the opportunity to amend because even if Plaintiff named as Defendants other individuals implicated in the complaint, this matter would remain subject to dismissal for improper venue.

"Venue" is defined as "[t]he proper or a possible place for a lawsuit to proceed." Black's Law Dictionary (12th ed. 2024). The Court may consider venue during the initial screening under 28 U.S.C. § 1915 when improper venue "'is obvious from the face of the complaint and no further factual record is required to be developed.'" *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted). It "may dismiss under § 1915 only if 'it is clear that [the plaintiff] can allege no set of facts' . . . to support . . . venue." *Id.* Regarding venue, federal law provides:

A civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

It is clear from the face of the complaint that even if Plaintiff named as a defendant one or more of the individuals whom the complaint alleges participated in the actions for which Plaintiff seeks relief, the District of Kansas is not the proper venue for this case. Even liberally construing the complaint, no individual involved in the relevant acts is alleged to be a resident of the State of Kansas. None of the events of which Plaintiff complains occurred in Kansas. And it appears that Plaintiff could have brought this case in another district. Simply put, the complaint now before the Court alleges claims based on acts by individuals who reside in Missouri that occurred in the state of Missouri. There is no set of facts regarding the events underlying this matter that Plaintiff could allege that would make the District of Kansas the proper venue for this matter.

In summary, this matter will be dismissed for lack of jurisdiction because the Eleventh Amendment presents a jurisdictional bar to unconsented federal-court lawsuits against the State of Missouri, which is the sole named Defendant in this matter. Moreover, even if Plaintiff were given time to amend the complaint and name a proper defendant, it is clear from the face of the complaint that the District of Kansas is not the proper venue for this case. Accordingly, the Court sees no need to allow Plaintiff the opportunity to amend his complaint. If Plaintiff wishes to pursue claims in federal court based on actions taken in Missouri by defendants who reside in Missouri, he must file a lawsuit in the proper venue.

**IT IS THEREFORE ORDERED** that this matter is dismissed for lack of jurisdiction. The motion for leave to proceed in forma pauperis (Doc. 2) is therefore **denied as moot.**

**IT IS SO ORDERED.**

Dated December 18, 2025, in Kansas City, Kansas.

                                               **S/ John W. Lungstrum**
                                               **JOHN W. LUNGSTRUM**
                                               **UNITED STATES DISTRICT JUDGE**